# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ROSE OKPALOBI** | **CIVIL ACTION** |
| **VERSUS** | **NO. 25-809** |
| **PHH MORTGAGE CORPORATION, ET AL.** | **SECTION: "G"(5)** |

## ORDER AND REASONS

Before the Court is Defendants PHH Mortgage Corporation ("PHH") and REO Management Solutions, LLC's ("REO") (collectively, "Defendants") "Motion to Dismiss under Rule 12(b)(1) and for Judgment on the Pleadings Under Rule 12(c)."[1] In this litigation, Plaintiff Rose Okpalobi ("Plaintiff"), both individually and as executrix for the Estate of Ifeanyi Charles Anthony Okpalobi ("Decedent"), pursues claims against Defendants for damages Hurricane Ida allegedly caused to property owned by Decedent.[2] In the instant motion, Defendants argue that this case should be dismissed under the doctrine of res judicata.[3] Alternatively, Defendants assert this case should be dismissed on the merits.[4] Plaintiff opposes the motion.[5] Having considered the motion, the memoranda in support and opposition, the record, and the applicable law, the Court grants the motion.

---

[1] Rec. Doc. 40.

[2] Rec. Doc. 1-2 at 3–5.

[3] Rec. Doc. 40-1 at 8.

[4] *Id.* at 14–24.

[5] Rec. Doc. 44.

# I. Background

**A.**     ***Okpalobi v. American National Property and Casualty Company, et al., No. 23-6691 ("Okpalobi I")***

Plaintiff filed *Okpalobi I* in state court, naming PHH, American National Property and Casualty Company ("ANPAC"), Mortgage Assets Management, LLC ("MAM"), and Nationstar Mortgage LLC d/b/a Champion Mortgage ("Nationstar") as defendants.[6] ANPAC removed the matter to this Court on November 3, 2023, at which time the case was allotted to this Section and was assigned case number 23-6691.[7] In *Okpalobi I*, Plaintiff alleged that: she owns 4928 Cartier Ave., New Orleans, LA (hereinafter referred to as the "Property");[8] PHH services a home equity conversion note executed by Decedent which is secured by a home equity conversion mortgage over the Property;[9] ANPAC issued a homeowner's insurance policy for the Property;[10] the Property was damaged by Hurricane Ida;[11] Plaintiff filed a claim on the ANPAC policy;[12] and ANPAC underpaid the claim;[13] PHH had a contractual and fiduciary duty to pursue additional insurance proceeds from ANPAC.[14] Based on those allegations, Plaintiff claimed PHH owed her a fiduciary and contractual duty to pursue additional insurance proceeds from ANPAC.[15] Plaintiff

---

[6] Rec. Doc. 40-2.

[7] *Okpalobi I*, Case No. 23-6691, Rec. Doc. 1.

[8] *Id.*

[9] Rec. Doc. 40-3.

[10] Rec. Doc. 40-4.

[11] *Okpalobi I*, Case No. 23-6691, Rec. Doc. 1.

[12] *Id.*

[13] *Id.*

[14] *Id.*

[15] *Okpalobi I*, Case No. 23-6691, Rec. Doc. 1-9.

also asserted that ANPAC was liable for breach of contract for allegedly breaching the insurance policy and was liable under Louisiana Revised Statutes 22:1892 and 22:1973 based on its adjustment of the insurance claim.[16]

On January 3, 2024, ANPAC filed a Rule 12(b)(6) motion to dismiss in which it asserted that Plaintiff was neither an insured nor a third-party beneficiary under the ANPAC policy.[17] On January 24, 2024, PHH filed a Rule 12(b)(1) and 12(b)(6) motion to dismiss on grounds that Plaintiff lacked standing to sue in her individual capacity because she does not have an interest in the property and because PHH did not owe her or Decedent a contractual or fiduciary duty to pursue additional insurance proceeds from ANPAC.[18] On May 8, 2024, this Court entered an order denying PHH's motion to dismiss without prejudice. In its ruling, this Court found that Plaintiff lacked standing to pursue any claims in her individual capacity and that PHH did not owe Decedent's estate a fiduciary or contractual duty to pursue additional insurance proceeds, but the Court denied the motion to allow Plaintiff to amend and cure any pleading deficiencies.[19] Plaintiff did not amend by the deadline.

PHH filed a renewed motion to dismiss on September 3, 2025.[20] The Court granted PHH's renewed motion to dismiss on September 25, 2024.[21] This Court entered judgment on September 26, 2024 in favor of PHH, ANPAC, and MAM and against Plaintiff, thereby dismissing Plaintiff's

---

[16] *Id.*

[17] *Okpalobi I*, Case No. 23-6691, Rec. Doc. 8.

[18] *Okpalobi I*, Case No. 23-6691, Rec. Doc. 18.

[19] *Okpalobi I*, Case No. 23-6691, Rec. Doc. 35.

[20] *Okpalobi I*, Case No. 23-6691, Rec. Doc. 41.

[21] *Okpalobi I*, Case No. 23-6691, Rec. Doc. 43.

Petition, with prejudice.[22] Plaintiff did not appeal.

**B.      *Okpalobi v. American National Property and Casualty Company, et al., Case No. 25-809***

Plaintiff filed the instant matter in state court on August 26, 2023.[23] This case also relates to damage to 4928 Cartier Ave., New Orleans, LA, as a result of Hurricane Ida.[24] In the Original Petition, Plaintiff alleged that REO was an insurer, Plaintiff filed a claim with REO, and REO failed to properly adjust the claim.[25] Plaintiff claimed that PHH held the mortgage loan.[26] She asserted a bad faith insurance adjusting claim against REO and alleged that her attorney would have an attorney's fee lien over any insurance proceeds and damages that might be awarded against REO.[27] Defendants filed a motion for summary judgment in state court on the grounds that neither is an insurer.[28] The state court granted Defendants' motion, but the state court also granted Plaintiff leave to amend.[29]

Plaintiff filed a First Amended and Supplemental Petition for Damages on March 27, 2025,[30] adding a new claim under 42 U.S.C. § 1981.[31] The factual allegations Plaintiff makes are as follows: the note and mortgage specify that, if the borrower dies, the Loan would be converted to a term loan; Plaintiff is a beneficiary of the Loan; Plaintiff is the executrix of Decedent's estate;

---

[22] *Okpalobi I*, Case No. 23-6691, Rec. Doc. 44.

[23] Rec. Doc. 1-1.

[24] *Id.* at 2.

[25] *Id.* at 1, 4.

[26] *Id.*

[27] *Id.*

[28] Rec. Doc. 1-3.

[29] Rec. Doc. 1-5.

[30] Rec. Doc. 1-2.

[31] Rec. Doc. 1-4.

PHH is the holder of the loan; REO is the servicer of the loan; the Property was damaged by Hurricane Ida; the Property was insured under a lender-placed insurance policy; insurance proceeds were issued by an "unknown" insurer; Defendants collected and "pocketed" the insurance proceeds rather than making them available to repair the Property; Defendants have not accounted for the insurance proceeds; Defendants had an obligation to repair the Property; and Defendants initiated foreclosure.[32] Based thereon, Plaintiff asserts the following causes of action: breach of contract, negligence; intentional infliction of emotional distress; fraud; unjust enrichment; bad faith; and racial discrimination under 42 § U.S.C. 1981.[33] Plaintiff seeks recovery of damages and attorneys' fees.[34]

On April 28, 2025, after Defendants removed the case to this Court.[35] On October 7, 2025, Defendants filed the instant Motion to Dismiss for Lack of Jurisdiction and for Judgment on the Pleadings.[36] Plaintiff opposed the motion on October 14, 2025.[37] Defendants filed a reply brief on October 27, 2025.[38]

## II. Parties' Arguments

### A.    *Defendants' Arguments in Support of the Motion*

In the instant motion, Defendants argue that this case should be dismissed because Plaintiff lacks standing to sue in her individual capacity and the doctrine of res judicata should apply to the

---

[32] *Id.*

[33] *Id.*

[34] *Id.*

[35] Rec. Doc. 1.

[36] Rec. Doc. 40.

[37] Rec. Doc. 44.

[38] Rec. Doc. 49.

claims brought in Plaintiff's capacity as executrix of the estate.[39] Defendants assert that the instant suit concerns the same property and parties as in *Okpalobi I*, where this Court dismissed Plaintiff's claims with prejudice.[40]

In *Okpalobi I*, the defendants asserted that Plaintiff lacked standing to bring claims in her individual capacity.[41] Likewise, and for the same reasons Defendants contend that Plaintiff lacks standing to bring claims in her individual capacity here.[42] Defendants submit that on November 16, 2021, the Civil District Court for the Parish of New Orleans entered a Judgment of Possession distributing Decedent's estate.[43] Defendants argue that Plaintiff lacks standing to sue in her individual capacity because said Judgment did not give ownership of the Property to her.[44] Further, Defendants put forth this Court's order in *Okpalobi I*, which found that Plaintiff lacked standing in her individual capacity, to support their argument for lack of standing here.[45]

Defendants argue that the doctrine of res judicata bar any claims brought in her capacity as executrix of the estate. Res judicata has four elements: (1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both suits.[46] Defendants contend that the parties in the instant matter are identical

---

[39] Rec. Doc. 40-1 at 5.

[40] *Id.* at 1.

[41] *Okpalobi I*, Case No. 23-6691, Rec. Doc. 41.

[42] Rec. Doc. 40-1 at 14.

[43] *Okpalobi I*, Case No. 23-6691, Rec. Doc. 18-5.

[44] Rec. Doc. 40-1 at 15.

[45] *Id.*

[46] *Davis v. Dallas Area Rapid Transit*, 383 F.3d 309, 312–13 (5th Cir. 2004).

or in privity with the parties in *Okpalobi I*.[47] Defendants point out that Plaintiff Rose Okpalobi is a party to both suits individually and in her capacity as executrix of Decedent's estate.[48] Further, PHH is named as a Defendant in both suits.[49] While REO was not named a defendant in *Okpalobi I*, Defendants assert that REO, as the mortgage servicer for the loan, is in privity with PHH, the loan holder.[50] Defendants contend that this relationship meets the privity requirement for applying res judicata.[51]

Defendants submit that this Court had competent jurisdiction over *Okpalobi I* and that Plaintiff has not challenged this Court's jurisdiction over that initial case.[52] Further, Defendants argue that the *Okpalobi I* judgment was a final judgment on the merits.[53] Defendants point out that a "dismissal with prejudice" is generally a final judgment on the merits.[54] Additionally, it is well established that Rule 12(b)(6) dismissals are made on the merits.[55] Moreover, Defendants cite *Pie Dev., L.L.C. v. Pie Carrier Holdings, Inc.*, to assert that "when a plaintiff declines the opportunity to amend, even a 'dismissal without prejudice converts to a dismissal with prejudice and constitutes a final judgment on the merits for res judicata purposes.'"[56] Under this precedent

---

[47] Rec. Doc. 40-1 at 9.

[48] *Id.*

[49] *Id.*

[50] *Id.*

[51] *Id.* (citing *Maxwell v. U.S. Bank, N.A.*, 544 Fed. App'x. 470, 473 (5th Cir. 2013) (holding that the relationship between a mortgagee and the mortgage nominee was sufficient to meet the privity requirement to apply res judicata).

[52] *Id.*

[53] *Id.* at 10.

[54] *Id.* (citing *Oreck Direct, LLC v. Dyson, Inc.*, 560 F.3d 398, 401 (5th Cir. 2009) (internal citation omitted)).

[55] *Id.* (citing *Federated Dep't. Stores, Inc. v. Moitie*, 452 U.S. 394, 399 n. 3 (1981) (internal citation omitted)).

[56] *Id.* (citing 128 F.4th 657, 662–63 (5th Cir. 2025)).

Defendants argue that Plaintiff's failure to amend the complaint in *Okpalobi I* and the Court's subsequent dismissal of that case with prejudice leaves no doubt that it was a judgment on the merits.[57]

Defendants assert that when two causes of action are based on the same nucleus of operative facts the "same claim or cause of action" element of the res judicata test is met.[58] Defendants draw parallels between the case at bar and *Agrilectric Power Partners, Ltd. v. General Electric Co.*, to establish that *Okpalobi I* and the instant matter arose from the same nucleus of operative facts.[59] Defendants argue that *Argilectric* should instruct this Court in finding that res judicata applies here.[60]

Should the Court find that res judicata does not apply here, Defendants advance alternate theories supporting dismissal including lack of contractual privity; failure to allege a breach of contract claim; preclusion of claims under the Louisiana Credit Agreement Statute; and failure of fiduciary duty, 42 U.S.C. § 1981, unjust enrichment, and fraud claims as a matter of law.[61]

**B.    *Plaintiff's Arguments in Opposition to the Motion***

In opposition to the motion Plaintiff argues that she has standing in both her individual capacity and as executrix of Decedent's estate.[62] Further, Plaintiff asserts that res judicata does not apply to the instant action.[63]

---

[57] *Id.*

[58] *Id.* at 11. (citing *United States v. Davenport*, 484 F.3d 321, 324, 326 (5th Cir. 2007)).

[59] *Id.* (citing 20 F.3d 663 (5th Cir. 1994)).

[60] *Id.* at 11–12.

[61] *Id.* at 14–25.

[62] Rec. Doc. 44 at 5–6.

[63] *Id.* at 3.

Plaintiff contends that she has individual standing because she,

> asserts direct, concrete, and particularized injuries. She resides at the damaged property, maintains the premises, and has invested substantial time and resources attempting to restore it to habitable condition. Defendants' actions, including the refusal to release insurance funds necessary for the repair of the property have inflicted tangible harms on Plaintiff, including emotional distress, disruption of habitation, and the deprivation of use and value of her home.[64]

Plaintiff maintains that she has standing as executrix of Decedent's estate because Louisiana Code of Civil Procedure article 3191 "expressly grants a succession representative—such as an executrix—the authority to "enforce all rights of the succession," including those involving recovery or protection of residual estate assets.[65] Hence, Plaintiff states that her "claims on behalf of the estate to recover misappropriated insurance proceeds—funds indisputably paid out in response to Hurricane Ida damage to property owned by the decedent—fall squarely within the scope of her representative authority under Louisiana law."[66]

Regarding the application of res judicata, Plaintiff focuses on the identity of parties requirement, asserting that because "REO was neither a party in *Okpalobi I* nor in legal privity with the named parties in *Okpalobi I*, it cannot benefit from claim preclusion."[67] Further, Plaintiff contends that she only brought claims in *Okpalobi I* in her personal capacity.[68] Whereas here, she is bringing claims both individually and as the executrix of Decedent's estate.[69] Plaintiff argues

---

[64] *Id.* at 6.

[65] *Id.* at 5.

[66] *Id.* at 6.

[67] *Id.* at 4.

[68] *Id.*

[69] *Id.*

that the Louisiana Code of Civil Procedure recognizes a distinction between personal actions and those brought in a representative capacity.[70]

Additionally, Plaintiff asserts that *Okpalobi I* did not end with a final judgment on the merits.[71] Plaintiff submits that the *Okpalobi I* judgment was "rendered solely on jurisdictional grounds" because of "Plaintiff's alleged lack of standing."[72]  Plaintiff argues that because the previous dismissal was on jurisdictional grounds it was without prejudice and does not preclude a subsequent lawsuit once the jurisdictional defect has been corrected.[73]

Further, Plaintiff states that she has put forth new and distinct causes of action, which occurred after the dismissal of *Okpalobi I*.[74] Thus, Plaintiff maintains that res judicata does not apply here because the instant matter arises "under a different factual posture, introduces new legal theories, and expands the scope of allegations."[75] Specifically, Plaintiff now asserts claims of unjust enrichment, fraudulent misrepresentation, and racial discrimination under 42 U.S.C. § 1981.[76] Additionally, Plaintiff contends that even if the elements of res judicata are met here the court should decline to apply it due to equitable considerations.[77] Finally, Plaintiff argues against

---

[70] *Id.* (citing La. C.C.P. art. 3211).

[71] *Id.*

[72] *Id.*

[73] *Id.* (citing *Costello v. United States, 365 U.S. 265* (1961); *Maxim Crane Works, L.P. v. Zurich Am. Ins. Co.*, 11 F.4th 345 (5th Cir. 2021)).

[74] *Id.* at 4–5.

[75] *Id.* at 5.

[76] *Id.*

[77] *Id.*

Defendants' various non-res judicata theories of dismissal by asserting the viability of each of her claims.[78]

### C.    *Defendants' Arguments in Further Support of the Motion*

In their reply, Defendants reassert their arguments that Plaintiff lacks standing in her individual capacity, that res judicata applies to the instant matter, and that Plaintiff's claims fail on the merits.[79] Additionally, Defendants argue that Plaintiff should not be given leave to amend the complaint because the deadline to amend expired on July 16, 2025.[80] Further, Defendants note that Plaintiff had an opportunity to amend the complaint in *Okpalobi I* and in the instant matter before it was removed to this Court.[81]

### III. Legal Standard

### A.    *Legal Standard for a Rule 12(b)(1) Motion to Dismiss*

"Federal courts are courts of limited jurisdiction," and "possess only that power authorized by Constitution and statute."[82] It is a "first principle of jurisdiction" that a federal court must dismiss an action "whenever it appears that subject matter jurisdiction is lacking."[83] Accordingly, a claim is "properly dismissed for lack of subject-matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate" it.[84] "When a Rule 12(b)(1) motion is filed in

---

[78] *Id.* at 5–9.

[79] Rec. Doc. 49.

[80] *Id.* at 10.

[81] *Id.*

[82] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).

[83] *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citations omitted).

[84] *In re FEMA Trailer Formaldehyde Prod. Liab. Litig. (Mississippi Plaintiffs)*, 668 F.3d 281, 286 (5th Cir. 2012) (citations omitted).

conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits."[85] This practice "prevents a court without jurisdiction from prematurely dismissing a case with prejudice."[86] When opposing a 12(b)(1) motion, as at all other times, the party asserting jurisdiction bears the burden to prove that the Court has jurisdiction.[87]

## B.    Legal Standard for a Rule 12(c) Motion to Dismiss

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."[88] A motion under Rule 12(c) "is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts."[89] The motion "is subject to the same standard as a motion to dismiss under Rule 12(b)(6)."[90] "[T]he central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief."[91] In ruling on a 12(c) motion, "[p]leadings should be construed liberally," and judgment is appropriate "only if there are no disputed issues of fact and only questions of law remain."[92] The Court must "accept all well-pleaded facts as true, viewing

---

[85] *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citations omitted).

[86] *In re FEMA Trailer*, 668 F.3d at 287.

[87] *Ramming*, 281 F.3d at 161.

[88] Fed. R. Civ. P 12(c).

[89] *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co*., 313 F.3d 305, 312 (5th Cir. 2002) (quoting *Hebert Abstract Co. v. Touchstone Props., Ltd*., 914 F.2d 74, 76 (5th Cir. 1990)).

[90] *Doe v. Myspace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008) (citing *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004)).

[91] *Great Plains Tr. Co.*, 313 F.3d at 312 (alteration in original) (quoting *Hughes v. Tobacco Inst., Inc*., 278 F.3d 417, 420 (5th Cir. 2001)).

[92] *Id.* (quoting *Hughes*, 278 F.3d at 420).

them in the light most favorable to the plaintiff," but need not "accept as true conclusory allegations or unwarranted deductions of fact."[93] The Court "may dismiss a claim when it is clear that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief."[94]

## IV. Analysis

### A.    Whether Plaintiff Has Standing to Sue in Her Individual Capacity

Defendants move this Court to dismiss the claims brought in Plaintiff's individual capacity under Rule 12(b)(1) because she does not have standing to sue in her individual capacity. In support, Defendants cite this Court's ruling in *Okpalobi I* finding that Plaintiff lacked standing in her individual capacity because under a Judgment of Possession[95] Plaintiff had no interest in the Property at issue in this litigation. In response, Plaintiff asserts that she has individual standing because she resides at the Property and Louisiana law permits her standing as executrix of Decedent's estate.

Under Louisiana law, judgments of possession in succession cases are considered *prima facie* evidence of the rights of the heirs of the decedent.[96] The right to assert inheritance rights is subject to a 30 year prescriptive period, which runs from the decedent's death.[97] A succession can be reopened "[a]fter … rendition of a judgment of possession by a court of competent jurisdiction, if other property is discovered, or for any other proper cause, upon the petition of any interested

---

[93] *Id*. at 312–13 (first quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999); then quoting *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (2000)).

[94] *Id.* at 312 (quoting *Jones*, 188 F.3d at 324).

[95] On November 16, 2021, the Civil District Court for the Parish of Orleans issued the Judgment of Possession, which was silent as to the ownership of the Property.

[96] La. Code Civ. Proc. art. 3062.

[97] *See* La. Civ. Code art. 3502, 934.

person …"[98] Louisiana courts have noted that "judgments of possession are rarely amended for grounds other than discovery of additional property or new wills."[99]

On March 6, 2019, Plaintiff filed a Petition for Probate of Statutory Testament in the Civil District Court for the Parish of Orleans, State of Louisiana.[100] On November 16, 2021, the state district court entered a Judgment of Possession that was silent as to Rose Okpalobi's possession of the Property.[101] Plaintiff nonetheless contends that she has an interest in the Property because she resides at the Property and therefore is a legal usufructuary.[102] In support, Plaintiff claims that as "the equitable beneficiary of the insured property and of any insurance proceeds paid in connection with its loss" she has standing because "the injury required by Art. III may exist solely by virtue of statutes creating legal rights, the invasion of which creates standing."[103] However, this Court has already held in *Okpalobi I* that Plaintiff was not a third-party beneficiary to the Insurance Policy at issue.[104] Thus, this Court will again follow the Judgment of Possession and find that Plaintiff does not have standing to sue in her individual capacity in this matter. However, because the court in the *Succession of Dr. Ifeyani Charles Anthony Okpalobi* recognized that Plaintiff is executrix of his estate, this Court again finds she has standing to sue on behalf of the Estate.[105]

---

[98] La. Code Civ. Proc. art. 3393(B).

[99] *Succession of Murray*, 2022-667 (La. App. 3 Cir. 5/10/23), 372 So. 3d 1, 6 (citing *Estate of Sylvester*, 93-731 (La. App. 3 Cir. 2/24/94, 631 So.2d 614, 619)).

[100] *Okpalobi I*, Rec. Doc. 18-5 at 1. *Succession of Dr. Ifeanyi Charles Anthony Okpalobi*, No. 19-2450 (Civ. Dist. Ct. Par. Orleans Mar. 6, 2019).

[101] *Okpalobi I*, Rec. Doc. 18-5 at 27.

[102] Rec. Doc. 44 at 6.

[103] *Id.* (citing *Warth v. Seldin*, 422 U.S. 490, 500 (1975)).

[104] *Okpalobi I*, Rec. Doc. 33.

[105] *Okpalobi I*, Rec. Doc. 18-5 at 8.

14

**B.**     *Whether Res Judicata Applies to Plaintiff's Claims Brought in Her Capacity as Executrix*

Federal law "determine[s] the preclusive effect of a federal judgment, even if that judgment was based on state law."[106] Res judicata "bars all claims that were or could have been advanced in support of the cause of action on the occasion of its former adjudication."[107] Res judicata has four elements: (1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both suits.[108]

Regarding the identity of the parties element, Rose Okpalobi, individually and in her capacity as executrix for the estate of Decedent, is the Plaintiff in both *Okpalobi I* and the instant matter. Further, PHH is a named defendant in both *Okpalobi I* and the instant matter. While REO is not a named defendant in *Okpalobi I*, Defendants assert that it "shares an identity of parties with PHH[.]"[109] Federal courts have held that judgments can bind persons not party to the litigation in question when those persons were in privity with a party of the initial litigation.[110] "[Privity] is nothing more than a legal conclusion that the relationship between the one who is a party on the record and the non-party is sufficiently close to afford application of the principle of preclusion."[111]

> For res judicata purposes, [the Fifth Circuit] has held that privity exists in just three, narrowly-defined circumstances: (1) where the non-party is the successor in interest to a party's interest in property; (2) where the non-party controlled the prior litigation; and (3) where

---

[106] *Mowbray v. Cameron County*, 274 F.3d 269, 281 (5th Cir. 2001).

[107] *Davis v. Dallas Area Rapid Transit*, 383 F.3d 309, 312–13 (5th Cir. 2004) (italics in original).

[108] *Id.*

[109] Rec. Doc. 40-1 at 9.

[110] *See Meza v. General Battery Corp.*, 908 F.2d 1262, 1266 (5th Cir. 1990).

[111] *Id.* (internal citation omitted).

> the non-party's interests were adequately represented by a party to
> the original suit.[112]

Hence, the Court finds that the identity of the parties element is met because PHH, as the loan holder, adequately represented REO's interests, as the mortgage servicer, in *Okpalobi I*. Further, the second element of res judicata is met, because there is no dispute that this Court had jurisdiction to issue a judgment in *Okpalobi I*.

Defendants assert that the third element of res judicata is met because *Okpalobi I* ended in a final judgment on the merits. "A dismissal which is designated 'with prejudice' is 'normally an adjudication on the merits for purposes of res judicata.'"[113] This Court dismissed Plaintiff's claims against PHH in *Okpalobi I* with prejudice.[114] Thus, the third element of res judicata is met here.

Regarding the "same claim or cause of action" element, the Fifth Circuit applies a transactional test to determine "whether two suits involve the same claim or cause of action."[115] Under the transactional test, the focus is on whether the two cases "are based on 'the same nucleus of operative facts,'" rather than the relief requested or the theory asserted.[116] Defendants assert that *Agrilectric* is directly on point to the case at bar.

In *Agrilectric*, Agrilectric Power Partners, Ltd. and Agrilectric Power, Inc. (collectively "Agrilectric") purchased a turbine from General Electric ("GE") to be used in their facility.[117] GE

---

[112] *Id.* (internal citation omitted).

[113] *Fernandez–Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 n. 8 (5th Cir.1993) (citation omitted).

[114] *Okpalobi I*, Rec. Doc. 44.

[115] *United States v. Davenport*, 484 F.3d 321, 326 (5th Cir. 2007).

[116] *Id.* (citation omitted).

[117] *Agrilectric*, 20 F.3d at 664.

installed the turbine pursuant to a purchase contract and maintained it under a service contract.[118] The turbine failed and Agrilectric filed suit thereafter alleging design and installation defects.[119] The district court granted GE's motion for summary judgment and dismissed Agrilectric's complaint.[120] Agrilectric appealed but the Fifth Circuit affirmed.[121]

Subsequently, Agrilectric filed a second lawsuit against GE based on breach of the aforementioned service contract causing the turbine failure.[122] GE moved for summary judgment on the second complaint, citing res judicata.[123] The district court agreed and dismissed the complaint.[124] On appeal, the Fifth Circuit outlined the res judicata tenets noted above and found that, in each suit, Agrilectric (1) complained of the same accident, (2) alleged the same product deficiency, and (3) claimed the same damages.[125] In short, the court found that each suit involved the same nucleus of operative facts and thus the same cause of action.[126] The appellate court noted that "[o]ne who has a choice of more than one remedy for a given wrong ... may not assert them serially, in successive actions, but must advance all at once on pain of bar."[127]

---

[118] *Id.*

[119] *Id.*

[120] *Id.*

[121] *Id.*

[122] *Id.*

[123] *Id.*

[124] *Id.*

[125] *Id.* at 665.

[126] *Id.*

[127] *Id.* (citing *Nilsen v. City of Moss Point*, 701 F.2d 556, 559 (5th Cir. 1983)).

17

Similarly, here in both *Okpalobi I* and the instant matter Plaintiff alleges she had rights to the Property; Hurricane Ida caused damage to the Property; the Property was insured under a lender-placed insurance policy; an insurance claim was filed; and the insurer disbursed insurance proceeds to the lender. Although Plaintiff pursues different claims and purports a different theory of recovery in each case, both suits involve the same nucleus of operative facts. Therefore, the final element is met, and the Court finds that the claims brought in Plaintiff's capacity as executrix for the Estate of Ifeanyi Charles Anthony Okpalobi are barred by the doctrine of res judicata.

## V. Conclusion

Based on the foregoing, the Court finds that Plaintiff does not have standing to sue in her individual capacity. The Court further finds that the uncontroverted facts in the record establish that the claims brought in Plaintiff's capacity as executrix for the Estate of Ifeanyi Charles Anthony Okpalobi are barred under the doctrine of res judicata. Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss[128] is **GRANTED.** The claims Plaintiff brings against Defendants in her individual capacity are **DISMISSED WITHOUT PREJUDICE** for lack of standing.[129] The claims Plaintiff brings against Defendants in her capacity as executrix of the estate are **DISMISSED WITH PREJUDICE** as they are barred by the doctrine of res judicata.

**NEW ORLEANS, LOUISIANA**, this __7th__ day of November, 2025.

*Nannette Jolivette Brown*
**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[128] Rec. Doc. 40.

[129] *Green Valley Special Util. Dist. v. City of Schertz, Texas*, 969 F.3d 460, 468 (5th Cir. 2020) ("Ordinarily, when a complaint is dismissed for lack of jurisdiction, including lack of standing, it should be without prejudice.").